| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODNEY JEROME WOMACK, | | Case No. 1:19-cv-00614-DAD-BAM (PC) |
| | Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| v. | | |
| TATE, *et al.*, | | (ECF No. 7) |
| | Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Rodney Jerome Womack ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 7, 2019. (ECF No. 1.) Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 7.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Plaintiff has been informed in prior cases that he is subject to § 1915(g).[2]

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) <u>Womack v. Daley</u>, Case No. 3:99-cv-02469-MMC, 1999 U.S. Dist. LEXIS 24146 (N.D. Cal.) (dismissed on July 6, 1999 as frivolous); (2) <u>Womack v. Super. Ct. Judge</u>, Case No. 3:99-cv-02470-MMC, 1999 U.S. Dist. LEXIS 24145 (N.D. Cal.)

1    The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy

2    the imminent danger exception to section 1915(g).[3] <u>Andrews v. Cervantes</u>, 493 F.3d 1047,

3    1053–55 (9th Cir. 2007).  Plaintiff alleges that after he was transferred to California Correctional

4    Institution (CCI), where he is currently housed, medical staff discontinued all of his pain

5    medication, mobility vest, and refused him an MRI to evaluate him for possible steroid injections

6    or surgery on his lower back.  Plaintiff argues that he should be allowed to file this civil

7    complaint pursuant to the imminent danger exception and seeks only monetary damages as relief.

8    (ECF No. 1.)

9        Although Plaintiff's allegations concern a medical condition, Plaintiff does not

10   demonstrate that at the time of filing of his complaint, he was "under imminent danger of serious

11   physical injury," because he is not receiving pain medication, being allowed to use his mobility

12   vest, or receiving an MRI.  Plaintiff argues that this lack of care causes him excruciating pain

13   when walking on the uneven terrain at CCI.  However, as noted above, Plaintiff seeks only

14   monetary damages as relief.  The fact that Plaintiff does not seek any injunctive relief belies his

15   contention that he might be under any imminent danger.

16       Therefore, Plaintiff has not alleged any imminent danger of serious physical injury at the

17   time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C.

18   § 1915(g).  Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

19   ///

20   ///

21   

22   (dismissed on July 6, 1999 for failure to state a claim); (3) <u>Womack v. Donahoo</u>, Case No. 2:12-cv-03110-WBS-EFB
     (E.D. Cal.) (dismissed on September 13, 2013 for failure to state a claim); (4) <u>Womack v. Perry</u>, Case No. 2:15-cv-
23   01858-JAM-DB (E.D. Cal.) (dismissed on February 21, 2018 for failure to prosecute, following a screening order
     dismissing second amended complaint for failure to state a claim).  <u>See Harris v. Mangum</u>, 863 F.3d 1133, 1142 (9th
24   Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the
     procedural posture is immaterial.  Instead, the central question is whether the dismissal rang the PLRA bells of
25   frivolous, malicious, or failure to state a claim.") (citing <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1042 (9th Cir. 2016))
     (internal quotations omitted).

26   [2] The Court takes judicial notice of Document 5 in <u>Womack v. Sullivan</u>, Case No. 2:14-cv-00085-WBS-EFB (E.D.
     Cal.), <u>aff'd</u>, 594 Fed. App'x 402 (9th Cir. 2015), and Document 6 in <u>Womack v. Swingle</u>, Case No. 2:17-cv-00829-
27   JAM-AC (E.D. Cal.).

28   [3] The Court expresses no opinion on the merits of Plaintiff's claims.

Accordingly, it is HEREBY RECOMMENDED that:

1.  The motion to proceed *in forma pauperis*, (ECF No. 7), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2.  Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**May 20, 2019**__                    ___/s/ *Barbara A. McAuliffe*___
                                                UNITED STATES MAGISTRATE JUDGE