UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>    Plaintiff,<br><br>    v.<br><br>H. TATE, et al.,<br><br>    Defendants. | No. 1:19-cv-00614-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 7, 8) |

Plaintiff Rodney Jerome Womack is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 20, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* ("IFP") be denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be required to pay the $400.00 filing fee in full to proceed with this action. (Doc. No. 8.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) Plaintiff has not filed any objections.[1]

---

[1] On June 13, 2019, plaintiff did file a motion for a preliminary injunction (Doc. No. 9), the merits of which the court does not address in this order.

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Under 28 U.S.C. § 1915(g)'s so–called "three strikes" provision, prisoners may be barred from proceeding IFP if they, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" Although plaintiff does not contest that he has accumulated enough prior strike dismissals to be barred under the "three strikes" provision, he contends that he qualifies for the exception in that provision applicable to prisoners who face "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The assigned magistrate judge rejected that argument in the pending findings and recommendations, concluding that plaintiff's allegations that the prison's decision to discontinue treatment of his chronic medical condition caused him "excruciating pain" were belied by his failure to request injunctive relief to remedy his situation.[2] (Doc. No. 8.)

Under § 1915(g), a plaintiff can proceed IFP if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1053–55 (9th Cir. 2007) ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."). Moreover, in determining whether the exception applies in a given case, the court "should not make an overly detailed inquiry into whether the allegations qualify for the exception[.]" *Id.* at 1055.

The court acknowledges that plaintiff's initial failure to seek injunctive relief may raise some doubt as to the legitimacy of his claim, particularly in light of his many prior strike dismissals. But as a *pro se* litigant, plaintiff is entitled to liberal construal of his allegations. *Andrews*, 493 F.3d at 1055 (citations omitted). This means the court should be cautious about

---

[2] In his complaint, plaintiff seeks only money damages—not injunctive relief. (Doc. No. 1 at 8.)

withholding IFP status merely because plaintiff requested the wrong form of relief, an oversight he now appears to be attempting to correct. (*See* Doc. No. 9.)

However, plaintiff's allegation that "walking on uneven terrain causes [him] excruciating pain and suffering 24 hours everyday" (Doc. No. 1 at 6) is insufficient to support an inference of "imminent danger of serious physical jury." 28 U.S.C. § 1915(g); *see Fields v. Omosaiye*, No. 18-cv-04469-CRB (PR), 2019 WL 1755712, at *2 (N.D. Cal. Apr. 19, 2019) ("[C]hronic pain generally is not enough to support an inference of imminent danger.") (citing *Fletcher v. Sherman*, No. 1:18-cv-01317-LJO-EPG, 2018 WL 6385538, at *5 (E.D. Cal. Dec. 6, 2018)). Though plaintiff's allegations of chronic pain, in conjunction with the allegation that his most recent doctor improperly discontinued his medical treatment, makes this a closer call, plaintiff's mere "disagree[ment] with prison medical personnel about the course or adequacy of any treatment he was receiving does not establish imminent danger." *Balzarini v. Lewis*, No. 1:13-cv-00820-LJO, 2015 WL 2345464, at *8 (E.D. Cal. May 14, 2015) (collecting cases).

Accordingly,

1. The findings and recommendations issued on May 20, 2019, (Doc. No. 8), are adopted;
2. Plaintiff's application to proceed *in forma pauperis*, (Doc. No. 7), is denied pursuant to 28 U.S.C. § 1915(g);
3. Within twenty-one (21) days from the date of service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action;
4. Plaintiff is forewarned that failure to comply with this order will result in the dismissal of this action without prejudice to refiling upon prepayment of the required filing fee; and
5. The matter is referred back to the assigned magistrate for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **December 18, 2019**

UNITED STATES DISTRICT JUDGE

3