# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAMES WOMACK,<br><br>            Plaintiff,<br><br>    v.<br><br>TATE, *et al.*,<br><br>            Defendants. | Case No.  1:19-cv-00614-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Rodney James Womack ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983.

On May 20, 2019, the undersigned issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the filing fee in full to proceed with this action.  (ECF No. 8.)  In the findings and recommendations, the Court noted that despite his allegations that he suffered excruciating pain when walking on the uneven terrain at his institution, due to lack of pain medication, a mobility vest, or receiving an MRI, Plaintiff sought only monetary damages as relief.  The Court further found that the fact that Plaintiff did not seek any injunctive relief belied his contention that he might be under imminent danger of serious physical injury at the time the

complaint was filed.  (Id.)

In lieu of filing objections to the findings and recommendations, on June 13, 2019, Plaintiff filed a motion for preliminary injunctive relief.  (ECF No. 9.)  Following resolution of Plaintiff's appeal to the Ninth Circuit Court of Appeals, this motion is currently before the Court.[1]

## II.     Motion for Preliminary Injunction

In his motion, Plaintiff incorporates the allegations set forth in the original complaint, and references the Court's discussion of his failure to seek injunctive relief in support of his allegation that he was in imminent danger of serious physical injury at the time the complaint was filed. (ECF No. 9.)  Plaintiff reiterates factual allegations from the complaint, specifically that when he was transferred from Kern Valley State Prison to California Correctional Institution ("CCI"), medical staff discontinued all his pain medication, discontinued his mobility vest, and refused to perform an MRI to evaluate him for possible steroid injections or surgery on his lower back. Plaintiff alleges that Defendants' refusal to provide him any type of medical treatment or pain medication for his lower back has left him in excruciating pain, 24 hours a day.  Plaintiff therefore requests "injunctive relief pursuant to Estelle v. Gamble," as well as monetary damages and a jury trial.  (Id.)

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation

---

[1] The May 20, 2019 findings and recommendations to deny Plaintiff's motion to proceed *in forma pauperis* were adopted by the assigned District Judge on December 18, 2019.  (ECF No. 10.)  The District Judge did not address the merits of Plaintiff's motion for preliminary injunction, but noted that Plaintiff appeared to be attempting to correct his failure to request injunctive relief in the complaint.  (Id.)  Plaintiff appealed the order adopting the findings and recommendations, and on May 19, 2020, the Ninth Circuit Court of Appeals reversed the District Judge's order and found that Plaintiff made plausible allegations that he was "under imminent danger of serious physical injury" at the time he lodged the complaint.  (ECF No. 17.)  Plaintiff's motion to proceed *in forma pauperis* has since been granted.

2

1  omitted).

2  Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over Defendants or any other prison staff at Plaintiff's current institution who might be involved in his medical care.

///

Finally, Plaintiff's motion fails to specify what relief is sought. Pursuant to the Prison Litigation Reform Act, any relief granted must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff's reference to Estelle v. Gamble, 429 U.S. 97 (1976) does not provide any information as to the scope or type of relief Plaintiff seeks through this motion, and the Court cannot simply grant a request for unspecified and unlimited injunctive relief.

To the extent Plaintiff's motion is primarily intended to add a request for injunctive relief to his original complaint, the proper method would be to add such a request to an amended complaint, rather than filing a separate motion.

### III. Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 9), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 12, 2020**                    /s/ *Barbara A. McAuliffe*
                                                                 UNITED STATES MAGISTRATE JUDGE