# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAMES WOMACK, | Case No. 1:19-cv-00614-DAD-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUPPLEMENTAL FILING (ECF No. 26) |
| v. | |
| TATE, *et al.*, | ORDER GRANTING PLAINTIFF'S MOTION FOR NEW DEADLINE TO FILE AMENDED COMPLAINT (ECF No. 29) |
| Defendants. | |
| | **THIRTY (30) DAY DEADLINE** |

**I.     Procedural Background**

Plaintiff Rodney James Womack ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 20, 2019, the undersigned issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the filing fee in full to proceed with this action. (ECF No. 8.) Plaintiff did not file objections. On December 18, 2019, following a *de novo* review of the case, the assigned District Judge adopted the findings and recommendations, denied Plaintiff's application to proceed *in forma pauperis*, and ordered Plaintiff to pay the filing fee in full to proceed with this action. (ECF No. 10.) On January 2, 2020, in lieu of paying the filing fee, Plaintiff filed a notice of appeal of the District Judge's order adopting the findings and

1 | recommendations.  (ECF No. 11.)

2 | On May 19, 2020, the United States Court of Appeals for the Ninth Circuit found that although the Court properly concluded that Plaintiff has had at least three prior actions dismissed for a qualifying reason under 28 U.S.C. § 1915(g), Plaintiff made plausible allegations that he was "under imminent danger of serious physical injury" at the time he lodged the complaint.  (ECF No. 17.)  The Ninth Circuit summarily reversed the December 18, 2019 order adopting the findings and recommendations and remanded for further proceedings consistent with its order.  (Id.)  The Ninth Circuit issued its mandate on June 10, 2020.  (ECF No. 18.)

Accordingly, on June 15, 2020, the Court screened Plaintiff's complaint.  (ECF No. 21.)  Finding that Plaintiff's complaint failed to state a cognizable claim for relief, the Court granted Plaintiff an opportunity to amend his complaint to cure the identified deficiencies.  Plaintiff was ordered to file an amended complaint or a notice of voluntary dismissal within thirty days.  (Id.)

On June 29, 2020, Plaintiff filed a notice of interlocutory appeal as to the screening order.  (ECF No. 23.)  Plaintiff filed an amended notice of interlocutory appeal on July 1, 2020.[1]  (ECF No. 25.)

On July 23, 2020, the Ninth Circuit found that it lacked jurisdiction over Plaintiff's appeal because the order challenged is not final or appealable, and dismissed the appeal for lack of jurisdiction.  (ECF No. 28.)  The Ninth Circuit issued its mandate on August 14, 2020.  (ECF No. 30.)

During the pendency of the appeal, Plaintiff filed several motions.  On July 7, 2020, Plaintiff filed a "Motion for Supplemental Filing, Pursuant to Doctor H. Tate," (ECF No. 26), and on August 3, 2020, Plaintiff filed a "Motion to File Screening Order Granting Plaintiff Leave to Amend," (ECF No. 29).  As Plaintiff's pending appeal has now resolved, the Court will address each motion in turn.

///

---

[1] Plaintiff amended his notice of interlocutory appeal to include an appeal regarding the undersigned's pending findings and recommendations to deny Plaintiff's motion for preliminary injunction.  (ECF No. 25.)  Plaintiff's motion for preliminary injunction and the findings and recommendations are addressed by separate order from the District Judge.

**II.     Motion for Supplemental Filing**

In Plaintiff's motion for supplemental filing, Plaintiff sets forth additional factual allegations which he requests be added to his notice of appeal, amended notice of appeal, and the original record in connection to his imminent danger of serious physical injury under 28 U.S.C. § 1915(g).  (ECF No. 26.)  Plaintiff has also attached eighteen pages of medical records that he wishes for the Court to consider in ruling on the pending screening order.  (Id.)

As Plaintiff's appeal has been resolved, Plaintiff's requests for these supplemental allegations and exhibits to be added to his notices of appeal are now moot.  To the extent Plaintiff was requesting the Court to reconsider its June 15, 2020 screening order in light of new evidence, the Court notes that Plaintiff was free to include this supplemental information in his amended complaint.  As a general matter, the Court requires that an amended or supplemental pleading be re-filed so that it is complete in itself without reference to the prior or superseded pleading, including all exhibits referred to in the changed pleading.  Local Rule 220; Fed. R. Civ. P. 15.  Accordingly, Plaintiff will be permitted another opportunity to file an amended complaint, including any of these supplemental allegations or exhibits that are appropriate, as discussed below.

**III.    Motion to File Screening Order Granting Plaintiff Leave to Amend**

Plaintiff filed this motion in response to the Ninth Circuit's order dismissing his appeal for lack of jurisdiction, but before the Ninth Circuit issued its mandate.  Plaintiff argues that this Court should have informed Plaintiff of the jurisdictional issue with his appeal, in which case he would have filed an amended complaint in compliance with the Court's June 15, 2020 screening order. (ECF No. 29.)  Therefore, Plaintiff requests that the Court issue a new screening order granting Plaintiff leave to amend.  (Id.)  The Court will construe Plaintiff's request as a motion for a new deadline to file his amended complaint.

First, Plaintiff is informed that it is not the Court's responsibility to inform Plaintiff of jurisdictional deficiencies in his filings.  Moreover, the Court cannot provide Plaintiff legal advice.  Although the Court liberally construes the pleadings and filings of *pro se* litigants, they are required to comply with all procedural rules, including the Federal Rules of Civil Procedure,

3

Federal Rules of Appellate Procedure, and this Court's Local Rules.

Nevertheless, in light of Plaintiff's *pro se* status and the expiration of the deadline to file Plaintiff's amended complaint during the pendency of his appeal, the Court finds it appropriate to grant Plaintiff another opportunity to file his amended complaint or a notice of voluntary dismissal.

Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

**IV.  Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for supplemental filing, (ECF No. 26), is DENIED;
2. Plaintiff's motion for a new deadline to file an amended complaint, (ECF No. 29), is GRANTED;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint, **not to exceed twenty-five (25) pages** (excluding exhibits), curing the deficiencies identified by the Court's June 15, 2020 screening order, or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i);
4. Should Plaintiff file an amended complaint which exceeds twenty-five pages, the Court

will not consider allegations in the excess pages; and

5. **If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **August 18, 2020**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE