# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK, | Case No. 1:19-cv-0614-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| H. TATE, et al., | (ECF No. 32) |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Rodney Jerome Womack ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. On May 20, 2019, the undersigned issued findings and recommendations that Plaintiff's application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the filing fee in full to proceed with this action. (ECF No. 8.) Plaintiff did not file objections. On December 18, 2019, following a de novo review of the case, the assigned District Judge adopted the findings and recommendations, denied Plaintiff's application to proceed in forma pauperis, and ordered Plaintiff to pay the filing fee in full to proceed with this action. (ECF No. 10.) On January 2, 2020, in lieu of paying the filing fee, Plaintiff filed a notice of appeal of the District Judge's order adopting the findings and recommendations. (ECF No. 11.)

1

On May 19, 2020, the Ninth Circuit Court of Appeals found that although the Court properly concluded that Plaintiff has had at least three prior actions dismissed for a qualifying reason under 28 U.S.C. § 1915(g), Plaintiff made plausible allegations that he was "under imminent danger of serious physical injury" at the time he lodged the complaint.  (ECF No. 17.) The Ninth Circuit summarily reversed the December 18, 2019 order adopting the findings and recommendations and remanded for further proceedings consistent with its order.  (Id.)  The Ninth Circuit issued its mandate on June 10, 2020.  (ECF No. 18.)  The Court screened Plaintiff's complaint, filed on May 7, 2019, and permitted leave to amend.  (ECF No. 1, 21.) Plaintiff's first amended complaint, filed on September 10, 2020 is currently before the Court for screening. (ECF No. 32.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility, in Corcoran, California.  The events in the complaint are alleged to have occurred in California Correctional Institute (CCI) at Tehachapi, California.  Plaintiff names the following defendants: (1) H. Tate, Doctor; (2) Z. Taylor, Registered Nurse; (3) S. Shiesha, Chief Medical Executive; (4) S. Gates, Chief Health Care.

Plaintiff filed a 602 appeal against medical staff that Plaintiff had been denied "any type" of medical treatment.  Defendant discontinued his pain medication, mobility vest chrono, physical therapy and MRI to see if Plaintiff will be a candidate for steroid injections and possible surgery.  These services had been provided to Plaintiff while housed at Pelican Bay State Prison by Dr. Hoffman and also while Plaintiff was housed at Kern Valley State Prison by Dr. Ulit and orthopedic surgeon D. Rohrdanz.

When Plaintiff arrived at CCI, defendants refused to provide Plaintiff with any type of medical treatment although he constantly complained of excruciating lower back pain.  Plaintiff submitted 18 CDC 7362 medical forms to Dr. Tate.  The forms complained of a broad range of medical related issues that Dr. Tate refused to address.  Plaintiff complained of lower back pains, bed sores, left shoulder pains, numbness in left hand, pain in left-hand.  Dr. Tate refused "any type" of medical care.  Plaintiff alleges that the combination of Dr. Tate's refusal to treat Plaintiff pursuant to 602 appeal and Plaintiff's 7362 medical forms is direct evidence of deliberate indifference.  Dr. Tate provided no medical opinion as to why he refused to provided Plaintiff any type of medical treatment.

Plaintiff alleges that Dr. Tate will be civilly liable because Dr. Tate discontinued Plaintiff's pain medication, mobility vest, physical therapy and refused to schedule Plaintiff for an MRI to see if Plaintiff was a possible candidate for steroid injections or surgery.  Dr. Tate refused to provide any type of medical treatment in connection with Plaintiff's 18 CDC 7362 medical forms Dr. Tate responded to.  The forms claimed that Plaintiff was suffering from excruciating pain from broad range of medical issues such as left shoulder pain, left hand pain, left hand

3

1 numbness, left ankle pain due to walking on uneven terrain, bed sores, requested MRI, physical
2 therapy.  Dr. Tate provided no medical opinion as to why he refused to provide any type of
3 medical treatment.

4       Defendant Registered Nurse Z. Taylor is civilly liable because he is a medically trained
5 official who gave a medical opinion to Plaintiff's health care 602 grievance.  Taylor is not
6 qualified to form his own medical opinion concerning discontinuing Plaintiff's pain medications,
7 mobility vest or scheduling Plaintiff for an MRI, since Plaintiff's primary doctor, Dr. Tate, did
8 not provide a medical opinion concerning Plaintiff's medical issues.

9       Defendant Chief Medical Executive S. Shiesha is civilly liable as a medically trained
10 official who gave a medical opinion on Plaintiff's health care 602 grievance.  "Taylor"[1] is not
11 qualified to form a medical opinion concerning discontinuing Plaintiff's pain medication,
12 mobility vest or scheduling Plaintiff for an MRI.

13       Defendant Chief Health Care S. Gates will be held civilly liable because he is a medically
14 trained official who gave a medical opinion on Plaintiff s health care 602 grievance.  S. Gates is
15 not qualified to form his medical opinion concerning discontinuing Plaintiff's pain medications,
16 mobility vest, or scheduling Plaintiff for an MRI to see if steroid injections were appropriate or
17 for surgery.

18       The defendants are sued in their individual and official capacities.  Plaintiff seeks $50,000
19 from Defendant Taylor, Gates, and Shiesha and $100,000 from Defendant Dr. Gates and seeks
20 general and punitive damages.

21       **III.**    **Discussion**

22       **A.  Federal Rule of Civil Procedure 8**

23       Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain
24 statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).
25 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
26 of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678

---

[1] In the paragraph alleging the acts by Shiesha, Plaintiff says that "Taylor" did these acts.  The Court assumes Plaintiff meant to refer to Defendant Shiesha.

(citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. It is unclear which doctor or defendant Plaintiff contends violated his constitutional rights and in what manner. For each of his alleged constitutional violations in denying him "any type" of medical care, Plaintiff fails to state what happened, when it happened or who was involved. Plaintiff does not state what happened regarding the lack of treatment for all of 18 CDC 7362 by each defendant and that each defendant was deliberate indifferent to which of his serious medical needs.

### B. Supervisor Liability

Plaintiff maybe attempting to impose liability against Defendant Shiesha and Gates, based on their roles as supervisor, which Plaintiff may not do. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676−77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020−21 (9th Cir. 2010); Ewing v. Cty. of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205−06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty, of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom

5

established by a... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). A supervisor may be held liable if he implements a "policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen, 885 F.2d at 646 (internal quotation marks and citation omitted). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. See Iqbal, 556 U.S. at 678. Plaintiff has failed to allege facts to support that Defendant Shiesha or Gates participated in or directed the violations. Plaintiff's conclusory allegation that Defendants received Plaintiff's 602 grievance is insufficient that Defendants had knowledge of any violations and refused to act. Bertram v. Sizelove, No. 1:10-cv-583-AWI-GBC (PC), 2012 WL 1205717, at *6, 2012 U.S. Dist. LEXIS 51092, at *15–16 (E.D. Cal. Apr. 10, 2012) (holding that conclusory allegations of defendants' knowledge, with no supporting facts, are insufficient to state a claim for Eighth Amendment deliberate indifference). See also Watts v. Aly, 2020 WL 5369950, at *7 (C.D. Cal. July 16, 2020) ((holding that conclusory allegations of defendants' knowledge, with no supporting facts, are insufficient to state a claim for Eighth Amendment deliberate indifference); Roberts v. Shepard, No. EDCV 16-1697 CJC(JC), 2018 WL 6265090, at *9 (C.D. Cal. Feb. 12, 2018) (Plaintiff failed to plausibly demonstrate any defendant's personal participation in any specific Eighth Amendment violation by alleging that defendant Shepard "continued to deny plaintiff access to the benefits of his medical chrono.")

Plaintiff does not allege that any supervisor implemented the policy or knowingly acquiesced in it. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the assault. See Willard v. Cal. Dep't of Corr. & Rehab., No. 14-0760, 2014 WL

6

6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

### C. Official Capacity

"Suits against state officials in their official capacity ... should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. at 166 (emphasis in original).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, Plaintiff's claim for monetary damages against Defendants in their official capacities barred by the Eleventh Amendment.

### D. Deliberate Indifference to Serious Medical Needs

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than

ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v Gamble, 429 U.S. 97, 105–06 (1976)). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir 2004). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health."

Snow, 681 F.3d at 988.

### Complaints of Pain

Liberally construing the allegations in the complaint, Plaintiff alleges that he told Defendant Tate about debilitating pain, and Defendant Tate refused to provide any type of medical treatment. Plaintiff states a cognizable claim against Defendant Tate.

Plaintiff fails to allege a cognizable claim against any other defendant. Plaintiff makes no specific factual allegation that any other defendant knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Plaintiff merely alleges that the other defendants should be liable for their medical opinions in response to Plaintiff's 602 grievance. Plaintiff's allegations that the other defendants are not qualified to form medical opinions are insufficient to allege that Defendants knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures. Plaintiff's facts do not cause the court to infer that any of the Defendants knew that Plaintiff was suffering and yet proceeded to ignore a substantial risk of serious harm to Plaintiff's health. Plaintiff's conclusory allegations do not show that any of the Defendants had the requisite state of mind to constitute deliberate indifference. At most, Plaintiff states a claim for negligence or medical malpractice, which are not actionable under § 1983.

### Being Denied a Mobility Vest and Physical Therapy

The mere fact that each Defendant discontinued his mobility vest or physical therapy authorized at other institutions does not give rise to a cognizable claim. A difference of opinion among medical professionals does not give rise to a claim for relief. Plaintiff's facts demonstrate that Plaintiff disagreed with the course of treatment given to him by Defendant Tate and wanted Tate to rely on other doctors' tests, diagnoses, and opinions. Neither Plaintiff's disagreement with his treatment, nor Tate's failure to rely on other doctors' opinions, constitute a medical claim under the Eighth Amendment.

Plaintiff does not allege that any defendant acted with deliberate indifference in discontinuing the mobility vest or therapy or what injuries he suffered as a result. Plaintiff makes no specific factual allegation that any other defendant knew that Plaintiff faced a substantial risk

9

of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Plaintiff merely alleges that the other defendants should be liable for their medical opinions in response to Plaintiff's 602 grievance. Plaintiff's conclusory allegations that the other defendants are not qualified to form medical opinions are insufficient to allege that Defendants knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures.

Further, Plaintiff has not alleged plausible facts that treatment the doctors and nurse choose or did not choose was medically unacceptable under the circumstances. Therefore, Plaintiff fails to state an Eighth Amendment medical claim against any defendant.

### MRI, Steroid injections or Surgery

Plaintiff alleges he submitted various forms for medical review and was not provided the care he requested. But failure to provide medical care requested on forms does not give rise to constitutional violation. None of Defendant Tate's or Defendant Taylor nurse's behavior alleged by Plaintiff rises to the level of deliberate indifference. While Plaintiff wanted an MRI, steroid injections and possible surgery, a difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Plaintiff has not alleged plausible facts that treatment the doctor and nurse choose or did not choose was medically unacceptable under the circumstances.

Further, Plaintiff merely alleges that the other defendants, Shiesha and Gates, should be liable for their medical opinions in response to Plaintiff's 602 grievance. Plaintiff's conclusory allegations that the other defendants are not qualified to form medical opinions are insufficient to allege that Defendants knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures. Plaintiff fails to allege facts showing what Shiesha and Gates actually did and how those actions violated Plaintiff's rights. Thus, there are insufficient allegations to demonstrate that Defendants Tate, Taylor, Shiesha or Gates knew of and disregarded an excessive risk to Plaintiff's health and safety.

**E.     Grievance Process**

To the extent that Plaintiff seeks redress because of handling of his inmate grievance, he is

advised that inmates lack a separate constitutional entitlement to a specific grievance procedure. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

To the extent that Plaintiff seeks to state a claim based on any of the Defendants' handling or responding to his inmate appeals, Plaintiff cannot state a claim. Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Similarly, Plaintiff may not impose liability on a defendant simply because he or she played a role in processing or responding to Plaintiff's inmate appeals. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (because an administrative appeal process is only a procedural rights, no substantive right is conferred, no due process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983."). Farmer v. Clark, No. 120CV00866SABPC, 2020 WL 5763822, at *5 (E.D. Cal. Sept. 28, 2020), report and recommendation adopted in part, No. 120CV00866NONESABPC, 2020 WL 6270268 (E.D. Cal. Oct. 26, 2020). The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005); accord Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. 2017).

Thus, any allegation that any of the Defendants failed to properly handle or process Plaintiff's prison appeals, without more, fails to state a cognizable claim. Therefore, Plaintiff has failed to allege any cognizable § 1983 claim based on handling of his inmate grievance.

**IV.     Conclusion and Order**

Based on the above, the Court finds that Plaintiff's first amended complaint states a

cognizable claim against Defendant Tate for violation of the Eighth Amendment for deliberate indifference to medical need for failing to provide "any type" of medical treatment for Plaintiff's pain, but fails to state any cognizable claim against any other Defendant.

Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on September 10, 2020, for violation of the Eighth Amendment for deliberate indifference to medical need against Defendant Tate for failing to provide "any type" of medical treatment for Plaintiff's pain;

2. All other claims and defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 20, 2021**            /s/ Barbara A. McAuliffe           _
                                           UNITED STATES MAGISTRATE JUDGE