# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TATE, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00614-DAD-BAM (PC)<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO POSTPONE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 35)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Rodney Jerome Womack ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On January 20, 2021, the Court screened Plaintiff's first amended complaint and issued findings and recommendations that this action proceed against Defendant Tate for deliberate indifference to medical need in violation of the Eighth Amendment for failing to provide "any type" of medical treatment for Plaintiff's pain, and that all other claims and defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.  (ECF No. 34.)  Plaintiff was directed to file any objections to the findings and recommendations within fourteen days.  (Id. at 12.)

　　　　Currently before the Court is Plaintiff's "Motion to Postpone Plaintiff's Objections to Magistrate Judge's Findings and Recommendation due to Plaintiff seeking 'Counsel' Until the COVID-19 Situation is Controlled," filed February 3, 2021.  (ECF No. 35.)  Plaintiff has attached

1

to his motion a letter, dated October 5, 2020, from an organization called Comprehensive Healthcare Initiative Project ("CHIP").  The letter indicates that Plaintiff has been accepted as a "CHIP Client" and the organization will schedule an attorney visit with Plaintiff "as soon as possible AFTER the corona-19 virus restrictions are lifted at [his] facility."  (Id. at 2.)  Plaintiff appears to be requesting an extension of time until the COVID-19 restrictions are lifted at his facility and he has had an opportunity to meet with an attorney from CHIP.

As the letter is dated October 5, 2020, it appears Plaintiff has not met with an attorney from CHIP during the past four months.  Further, it is not clear when the COVID-19 situation will be under control, or when COVID-19 restrictions will be lifted at Plaintiff's facility.  The Court cannot grant Plaintiff what amounts to an indefinite extension of time to file his objections to the pending findings and recommendations.  In addition, the letter from CHIP does not specifically reference the instant action, nor does it explicitly state that Plaintiff will be represented by an attorney in this case.  Again, the Court cannot grant Plaintiff an indefinite extension of time to find representation that might never appear in this case.  Once Plaintiff has secured the services of an attorney, that attorney should file a notice of appearance in this action.  Until such a notice of appearance is filed, Plaintiff will continue to represent himself *pro se*.

Plaintiff is reminded that if the findings and recommendations are adopted in full by the District Judge, this case will be served on the appropriate defendant(s) and Plaintiff may file a motion to amend at a later date.  If Plaintiff can provide additional or different allegations (beyond what is presented in the first amended complaint) that he believes will state a cognizable claim for relief, he can file a motion to amend the complaint together with a proposed amended complaint.  Plaintiff will have the opportunity to file this motion whether he has hired an attorney by that time or not.  The Court will then review the motion and decide whether to allow the amended complaint to proceed.

In light of Plaintiff's motion and to allow Plaintiff to receive and respond to this order, the Court finds that an extension of thirty days, rather than an indefinite extension, is appropriate under the circumstances.  This extension of time should allow enough time for Plaintiff to receive the Court's order and file any objections to the January 20, 2021 findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to postpone Plaintiff's objections to the findings and recommendations, (ECF No. 35), is DENIED IN PART and GRANTED IN PART, as discussed above; and
2. Plaintiff shall file his objections to the January 20, 2021 findings and recommendations within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **February 4, 2021**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE