# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>          Plaintiff,<br><br>   v.<br><br>TATE, *et al.*,<br><br>          Defendants. | Case No. 1:19-cv-00614-DAD-BAM (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL AS MOOT<br>(ECF No. 55)<br><br>ORDER EXTENDING DEADLINE FOR PLAINTIFF TO SERVE DISCOVERY RESPONSES<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 56)<br><br>Plaintiff's Responses Due: **June 1, 2022**<br>Dispositive Motion Deadline: **July 29, 2022** |

**I.  Procedural Background**

Plaintiff Rodney Jerome Womack ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Tate for deliberate indifference in violation of the Eighth Amendment.

Pursuant to the Court's August 13, 2021 discovery and scheduling order, discovery was to be completed by April 13, 2022, and dispositive motions are to be filed by June 24, 2022.  (ECF No. 51.)

1

On April 13, 2022, Defendant filed a motion to compel Plaintiff to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff, served on February 18, 2022. (ECF No. 55.) Defendant also filed a motion to modify the Court's discovery and scheduling order requesting that the Court vacate the current June 24, 2022 dispositive motions deadline pending resolution of the motion to compel, and that the Court set a new deadline that allows Defendant at least 45 days to file a dispositive motion following receipt of Plaintiff's written discovery responses. (ECF No. 56.)

The Court issued an order directing the parties to meet and confer regarding the discovery dispute, and to file a joint statement following the parties' conference. The Court further stayed briefing on Defendant's motion to compel pending the outcome of the parties' meet and confer. (ECF No. 57.)

## II.     Defendant's Motion to Compel

Currently before the Court is the parties' joint statement, signed by Plaintiff and counsel for Defendant, indicating that the discovery dispute was resolved following the parties' meet and confer telephone conference on April 25, 2022. (ECF No. 58.) The parties indicate that the motion to compel was resolved in that Plaintiff is not refusing to provide responses to Defendant's written discovery requests, but simply requires additional time to do so. Specifically, Plaintiff stated during the meet and confer that he did not receive Defendant's written discovery requests until a few weeks prior, after his March 30, 2022 transfer to California Correctional Institution. Plaintiff further stated that he has completed his responses to Defendant's interrogatories and has collected documents to respond to Defendant's requests for production; however, Plaintiff has been unable to access the law library in order to make copies due to "lockdown" conditions at his institution. Defendant continues to seek additional time to prepare a dispositive motion in light of delays in obtaining Plaintiff's discovery responses, pursuant to the pending motion to modify the Court's discovery and scheduling order. Plaintiff is not opposed to modification of the deadlines previously set by the Court. (*Id.*)

The Court appreciates the parties' efforts and willingness to resolve this discovery dispute without further briefing on the motion to compel. As it appears the discovery dispute has been

fully resolved, Defendant's motion to compel will be denied as moot. The Court will further grant Plaintiff additional time to serve his discovery responses on Defendant.

<u>If Plaintiff continues to experience difficulty accessing the law library for the purposes of serving his discovery responses on Defendant, counsel for Defendant should contact the Litigation Coordinator at Plaintiff's institution to facilitate any necessary access</u>.

### III. Motion to Modify Discovery and Scheduling Order

Defendant argues that good cause exists to modify the scheduling order because Defendant timely served written discovery requests on Plaintiff, but at the time the motion to modify was filed, Plaintiff had not provided any responses. (ECF No. 56.) Defendant intends to file a dispositive motion, but because briefing on Defendant's discovery motion would take over one month, and Plaintiff will be allowed some further amount of time to provide written discovery responses if Defendant is successful with the motion, Defendant will not be able to receive and rely upon Plaintiff's responses and still comply with the current June 24, 2022 dispositive motion deadline. Defendant therefore requests that the Court vacate the current June 24, 2022 dispositive motion deadline and set a new deadline that will allow Defendant at least 45 days to file a dispositive motion after receipt of any written discovery responses Plaintiff may be ordered to provide. (*Id.*)

Plaintiff has not yet filed a response to this motion, but in light of the parties' joint statement following the meet and confer regarding Defendant's motion to compel, the Court finds a further response unnecessary. The motion is deemed submitted. Local Rule 230(l).

In light of the resolution of Defendant's motion to compel and the additional time required for Plaintiff to serve his responses on Defendant, the Court finds good cause to grant Defendant's motion to modify the discovery and scheduling order.

### IV. Plaintiff's Current Address

Finally, based on the parties' joint statement, it appears Plaintiff is now housed at California Correctional Institution. (ECF No. 58, pp. 2, 4.)

The Court notes that the docket for this action currently reflects that Plaintiff is housed at the California Substance Abuse Treatment Facility. However, CDCR's Inmate Locator, as of the

3

date of this order, also reflects that Plaintiff is currently housed at California Correctional Institution.[1]

**Plaintiff is reminded that he is responsible for keeping the Court and opposing parties informed of his current address**. Local Rule 182(f).  If Plaintiff moves to a different address without filing and serving a notice of change of address and mail directed to the former address is returned to the Court as undeliverable, the order will not be re-served a second time absent a notice of change of address.  If Plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case may be dismissed for failure to prosecute. Local Rule 183(b).

## V.     Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to compel written discovery responses from Plaintiff, (ECF No. 55), is DENIED as moot;
2. The deadline for Plaintiff to serve responses to Defendant's First Sets of Interrogatories and Requests for Production of Documents is EXTENDED to **June 1, 2022**;
3. Defendant's motion to modify discovery and scheduling order, (ECF No. 56), is GRANTED;
4. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended from June 24, 2022 to **July 29, 2022**;
5. The Clerk of the Court is directed to serve a copy of this order on Plaintiff at his current address of record and at the following address:

>     California Correctional Institution
>     Facility – B
>     P.O. Box 1906
>     Tehachapi, CA 93581

///

---

[1] The Court may take judicial notice of public information stored on the CDCR Inmate Locator website.  *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly available websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

6. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a notice of change of address with his current mailing address.

IT IS SO ORDERED.

Dated:   **April 27, 2022**              /s/ Barbara A. McAuliffe            _
                                         UNITED STATES MAGISTRATE JUDGE