# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>        Plaintiff,<br><br>    v.<br><br>TATE, *et al.*,<br><br>        Defendants. | Case No.  1:19-cv-00614-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S SECOND MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 62)<br><br>ORDER VACATING DISPOSITIVE MOTION DEADLINE |

**I.     Procedural Background**

Plaintiff Rodney Jerome Womack ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint Defendant Tate for deliberate indifference in violation of the Eighth Amendment.

On April 13, 2022, Defendant filed a motion to compel Plaintiff to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff, served on February 18, 2022.  (ECF No. 55.)  Defendant also filed a motion to modify the Court's discovery and scheduling order requesting that the Court vacate the June 24, 2022 dispositive motions deadline pending resolution of the motion to compel, and that the Court set a new deadline that allows Defendant at least 45 days to file a dispositive motion following receipt of Plaintiff's written discovery responses.  (ECF No. 56.)

1

1        The Court issued an order directing the parties to meet and confer regarding the discovery
2   dispute, and to file a joint statement following the parties' conference and stayed briefing on
3   Defendant's motion to compel pending the outcome of the parties' meet and confer.  (ECF No.
4   57.)  The parties' joint statement, filed April 25, 2022, indicated that the motion to compel was
5   resolved in that Plaintiff was not refusing to provide responses to Defendant's written discovery
6   requests, but simply required additional time to do so because he did not have sufficient access to
7   the law library.  (ECF No. 58.)  The Court therefore extended Plaintiff's deadline to serve
8   discovery responses to June 1, 2022, and the dispositive motion deadline to July 29, 2022.  (ECF
9   No. 59.)

10       On June 10, 2022, Defendant filed a second motion to compel written discovery
11  responses, together with a second motion to modify the Court's discovery and scheduling order.
12  (ECF Nos. 61, 62.)  Although Plaintiff has not yet had an opportunity to respond to the motion to
13  modify the discovery and scheduling order, the Court finds a response unnecessary, and the
14  motion to modify the discovery and scheduling order is deemed submitted.  Local Rule 230(l).

15  **II.    Motion to Modify Discovery and Scheduling Order**

16       Defendant argues that good cause exists to modify the scheduling order for a second time
17  because Plaintiff again has not provided any responses to Defendant's discovery requests, despite
18  Defendant's prior motion to compel and the Court's grant of an extension of time to serve his
19  responses.  (ECF No. 62.)  Defendant intends to file a dispositive motion based on Plaintiff's
20  failure to establish a genuine dispute of material fact as to whether Defendant was deliberately
21  indifferent in violation of the Eighth Amendment.  However, because briefing on Defendant's
22  discovery motion will take over one month, and Plaintiff will be allowed some further amount of
23  time to provide written discovery responses if Defendant is successful with that motion,
24  Defendant will not be able to receive and rely upon Plaintiff's responses by the current July 29
25  dispositive-motions deadline.  Defendant therefore requests that the Court vacate the current July
26  29, 2022 deadline to file dispositive motions, and that the Court set a new deadline to file
27  dispositive motions that will allow Defendant at least 45 days to file a dispositive motion after
28  receipt of any written discovery responses that Plaintiff is ordered to provide upon resolution of

the pending motion to compel.  (ECF No. 62.)

In light of the pending motion to compel and the additional time required to fully brief the motion, the Court finds good cause to grant Defendant's motion to modify the discovery and scheduling order.

<u>Defendant's second motion to compel remains pending, and Plaintiff should file his opposition or statement of non-opposition to the motion to compel within twenty-one (21) days as required by Local Rule 230(l)</u>.

In addition, if Defendant receives Plaintiff's responses to the discovery requests at issue before the motion to compel is fully briefed, Defendant should inform the Court as soon as possible, either by filing a supplement to the motion to compel or a notice of withdrawal of the motion to compel.

**III.    Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's second motion to modify discovery and scheduling order, (ECF No. 62), is GRANTED;
2. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is VACATED; and
3. As necessary and appropriate, the Court will reset the dispositive motion deadline following resolution of the pending motion to compel.

IT IS SO ORDERED.

Dated:   **June 13, 2022**         /s/ Barbara A. McAuliffe         _
                                      UNITED STATES MAGISTRATE JUDGE

3