1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

### EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| 11  RODNEY JEROME WOMACK, | Case No.  1:19-cv-00614-DAD-BAM (PC) |
| 12          Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS |
| 13     v. | MOOT, WITHOUT PREJUDICE (ECF No. 64) |
| 14  TATE, *et al.*, | ORDER DIRECTING PARTIES TO MEET |
| 15          Defendants. | AND CONFER WITHIN **TWENTY-ONE (21) DAYS** |
| 16 | |
| 17 | ORDER SETTING DEADLINE FOR DEFENDANT'S THIRD MOTION TO COMPEL |
| 18 | |
| 19 | **THIRTY (30) DAY DEADLINE** |

20        Plaintiff Rodney Jerome Womack ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

21  *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

22  Plaintiff's first amended complaint against Defendant Tate for deliberate indifference in violation

23  of the Eighth Amendment.

24        On April 13, 2022, Defendant filed a motion to compel Plaintiff to respond to Defendant's

25  First Set of Interrogatories and Requests for Production of Documents to Plaintiff, served on

26  February 18, 2022.  (ECF No. 55.)  The Court issued an order directing the parties to meet and

27  confer regarding the discovery dispute, and to file a joint statement following the parties'

28  conference and stayed briefing on Defendant's motion to compel pending the outcome of the

1    parties' meet and confer.  (ECF No. 57.)  The parties' joint statement, filed April 25, 2022,

2    indicated that the motion to compel was resolved in that Plaintiff was not refusing to provide

3    responses to Defendant's written discovery requests, but simply required additional time to do so

4    because he did not have sufficient access to the law library.  (ECF No. 58.)  The Court therefore

5    extended Plaintiff's deadline to serve discovery responses to June 1, 2022, and the dispositive

6    motion deadline to July 29, 2022.  (ECF No. 59.)

7        Defendant filed a second motion to compel on June 10, 2022, together with a motion to

8    modify the Court's discovery and scheduling order to allow Defendant at least 45 days to file a

9    dispositive motion after receipt of Plaintiff's written discovery responses or resolution of the

10   motion to compel.  (ECF Nos. 61, 62.)  In the motion, Defendant contends that Plaintiff has again

11   failed to provide any responses to Defendant's discovery requests by the applicable deadline.

12   (ECF No. 61.)  Plaintiff was ordered to file an opposition or statement of non-opposition to the

13   motion to compel, and the Court vacated the deadline for filing all dispositive motions, to be reset

14   following resolution of the pending motion to compel.  (ECF No. 63.)

15       On June 24, 2022, Plaintiff filed a motion for preliminary injunction, declaring that on or

16   about May 2, 2022, Plaintiff provided Correctional Officer Vasquaz or Vasquez a copy of his

17   interrogatories and discovery documents to be legal mailed to Defendant's counsel.  (ECF No.

18   64.)  Plaintiff argues that he did not fail to respond to Defendant's discovery requests, but rather,

19   prison employees failed or intentionally refused to forward Plaintiff's documents to Defendant's

20   counsel.  Plaintiff therefore seeks an order compelling the Litigation Coordinator of California

21   Correctional Institution to come to Plaintiff's cell, retrieve a copy of Plaintiff's completed

22   discovery responses, and to forward those documents to Defendant's counsel.  (*Id.*)

23       On July 6, 2022, Defendant filed a notice of withdrawal of the second motion to compel.

24   (ECF No. 65.)  Counsel for Defendant declares that upon receipt of Plaintiff's motion for

25   preliminary injunction, he inquired with staff at Plaintiff's prison and learned that Plaintiff

26   handed a piece of mail addressed to counsel at his office's address on April 28, 2022, and a piece

27   of mail was recorded as having been sent to his office's address on April 29, 2022.  Counsel was

28   unable to learn any other information about the mailing, including information about its contents,

1   and counsel's office's docketing staff was unable to locate any mail received from Plaintiff

2   between April 2022 and the filing of Defendant's second motion to compel on June 10, 2022.

3   However, on July 1, 2022, Defendant's counsel received mail, postmarked June 28, 2022,

4   containing Plaintiff's responses to Defendant's discovery requests at issue in the second motion to

5   compel.  As Defendant has now received Plaintiff's responses, dated June 27, 2022, the second

6   motion to compel is no longer necessary.  In addition, Defendant believes that Plaintiff's motion

7   for preliminary injunction is now moot.  However, after review of Plaintiff's responses,

8   Defendant's counsel declares that he in good faith believes that the responses are deficient in

9   numerous respects, and he intends to promptly file a motion to compel further responses to

10   certain of Defendant's discovery requests.  (*Id.*)

11        Based on the above, it appears the dispute regarding the mailing of Plaintiff's discovery

12   responses has now been resolved, and Defendant's second motion to compel has been withdrawn.

13   As the only relief requested by Plaintiff in the motion for preliminary injunction is for the

14   Litigation Coordinator at his institution to retrieve his discovery responses to transmit them to

15   Defendant's counsel, the Court finds that Plaintiff's motion for preliminary injunction is now

16   moot.  The motion is denied without prejudice.

17        Finally, although Defendant indicates that a third motion to compel will be filed promptly,

18   Defendant has not specified when such a motion will be filed.  **Before filing any motion to**

19   **compel, the parties are directed to engage in a meet and confer conference regarding the**

20   **discovery dispute**.  Defense counsel is directed to contact Plaintiff by telephone or

21   videoconference, or to set up an in-person meeting, regarding the discovery dispute.  If the

22   dispute cannot be resolved after the meet and confer, Defendant shall file the motion to compel, if

23   any, within thirty days.

24        Following either the filing of the motion to compel or the expiration of that deadline, the

25   Court will reset the dispositive motion deadline.  **Further requests for extensions of these**

26   **deadlines must be supported by good cause**.

27   ///

28   ///

3

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for preliminary injunction, (ECF No. 64), is DENIED as moot, without prejudice;

2.  Within **twenty-one (21) days** from the date of service of this order, the parties shall meet and confer regarding the discovery dispute; and

3.  If the dispute cannot be resolved at the meet and confer, Defendant's third motion to compel, if any, shall be filed within **thirty (30) days** from the date of service of this order, and shall include a statement regarding the results of the parties' meet and confer conference.

IT IS SO ORDERED.

Dated:    **July 7, 2022**                    /s/ *Barbara A. McAuliffe*       _
                                              UNITED STATES MAGISTRATE JUDGE

4