# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK, | Case No. 1:19-cv-00614-ADA-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| TATE, *et al.*, | (ECF No. 67) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Rodney Jerome Womack ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Tate for deliberate indifference in violation of the Eighth Amendment for failing to provide "any type" of medical treatment for Plaintiff's pain when he was previously housed at California Correctional Institution ("CCI").

On July 15, 2022, Plaintiff filed a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a). (ECF No. 67.) Defendant filed an opposition on July 28, 2022. (ECF No. 68.) Plaintiff did not file a reply, and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

**I.    Plaintiff's Motion for Preliminary Injunction**

In his motion, Plaintiff alleges that he is again housed at CCI, B-Yard, and the uneven terrain cannot accommodate Plaintiff's disability, causing him unbearable pain in his lower back

and left ankle and foot. (ECF No. 67.) He has complained about the uneven terrain causing him pain, filed grievances, and been physically examined by doctors who determined that Plaintiff's medical condition warrants transfer to a CDCR institution with Designated Level Terrain. Plaintiff's grievance regarding his transfer to a different institution was denied on the ground that "Claimant was established as DLT on 5/03/2022 per SOMS CHSS0358 DPP Disability/Accommodation report dated 5/03/2022. A review of CDCR Report No. FSRR130-14 Program Matrix dated 6/23/2022 notes CCI-IV 180/SNY as a designated DLT facility. As such, transfer consideration based on current DLT designation is not warranted." (*Id.* at 68.) Plaintiff contends that the denial of his grievance is wrong because Report No. FSRR130-14 Program Matrix dated 6/23/2022 used to deny his grievance is anonymous and was not attached to the denial of the grievance, and the three medical personnel who examined Plaintiff are familiar with the terrain at CCI B-Yard and all came to the conclusion that the uneven terrain at CCI is not sufficient to accommodate Plaintiff's medical needs. Plaintiff seeks a court order directing CCI authorities to comply with CCI medical doctors' recommendation that Plaintiff be transferred to a Designated Level Terrain institution that will accommodate his medical needs. (*Id.* at 5.)

In opposition, Defendant argues that Plaintiff's motion is procedurally defective because he failed to give security or submitted a proposed order with a provision for a bond as required by Federal Rule of Civil Procedure 65(c); the Court lacks jurisdiction to grant the requested relief because it seeks relief not sufficiently connected to the allegations and requests in the first amended complaint and an order binding nonparties; and Plaintiff fails to satisfy the legal standards for relief. (ECF No. 68.)

**II.     Legal Standards**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation

omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

**III.    Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. Although the Court has screened Plaintiff's first amended complaint and found that it states a cognizable claim against Defendant Tate, this does not mean that Plaintiff has shown a likelihood of success on the merits.

In addition, this action is proceeding against Defendant Tate based on an alleged failure to provide "any type" of medical treatment for Plaintiff's pain when he was previously housed at CCI. (ECF Nos. 34, 37.) This action is not proceeding on any other claims related to Plaintiff's desire to be transferred to another institution, and is not proceeding against any other defendants who might be compelled to act under the order Plaintiff seeks. Thus, the Court lacks personal jurisdiction over "California Correctional Institution authorities" or "CCI staff," who are not parties to this action and are not alleged to have any involvement in Plaintiff's past medical

history with Defendant Tate.

Finally, Rule 65(c) of the Federal Rules of Civil Procedure provides that a district court may grant a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The district court retains discretion "as to the amount of security required, *if any*." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original). As discussed above, Plaintiff has not met the requirements for the injunctive relief he seeks, and the request should be denied. Therefore, the issue of security need not be considered.

## IV. Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, construed as a motion for preliminary injunction, (ECF No. 67), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 30, 2022**          /s/ Barbara A. McAuliffe          
                                UNITED STATES MAGISTRATE JUDGE