# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>    Plaintiff,<br><br>  v.<br><br>TATE, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00614-ADA-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES<br><br>(ECF No. 69)<br><br>ORDER RESETTING DISPOSITIVE MOTION DEADLINE<br><br>**Plaintiff's Supplemental Responses Due: August 18, 2023**<br><br>**Dispositive Motion Deadline: October 6, 2023** |

## I. Procedural History

Plaintiff Rodney Jerome Womack ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Tate ("Defendant") for deliberate indifference in violation of the Eighth Amendment.

On April 13, 2022, Defendant filed a motion to compel Plaintiff to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff, served on February 18, 2022. (ECF No. 55.) The Court ordered the parties to meet and confer and to file a joint statement regarding the discovery dispute. (ECF No. 57.) On April 25, 2022, the parties

1

filed a joint statement indicating that the motion to compel was resolved in that Plaintiff was not refusing to provide responses to Defendant's written discovery requests, but simply required additional time to do so because he did not have sufficient access to the law library. (ECF No. 58.) The Court extended Plaintiff's deadline to serve discovery responses to June 1, 2022, and the dispositive motion deadline to July 29, 2022. (ECF No. 59.)

Following Plaintiff's apparent failure to provide any responses to Defendant's discovery requests, on June 10, 2022, Defendant filed a second motion to compel, together with a motion to modify the discovery and scheduling order to allow Defendant at least 45 days to file a dispositive motion after resolution of the motion to compel. (ECF Nos. 61, 62.) The Court vacated the dispositive motion deadline and ordered Plaintiff to file an opposition or statement of non-opposition to the motion to compel. (ECF No. 63.)

In response, Plaintiff filed a motion for preliminary injunction on June 24, 2022, arguing that he did not fail to respond to Defendant's discovery requests, but rather, that prison employees failed or intentionally refused to forward Plaintiff's documents to Defendant's counsel. (ECF No. 64.) Plaintiff sought an order compelling the Litigation Coordinator of his institution to come to Plaintiff's cell, retrieve a copy of Plaintiff's completed discovery responses, and to forward those documents to Defendant's counsel. (*Id.*) On July 6, 2022, Defendant withdrew the second motion to compel, declaring that Defendant's counsel received mail, postmarked June 28, 2022, containing Plaintiff's responses to the discovery requests at issue in the second motion to compel. However, counsel declared that after review of the responses, he intended to promptly file a motion to compel further responses to certain of the discovery requests. (ECF No. 65.)

On July 7, 2022, the Court found that in light of Defendant's counsel's receipt of Plaintiff's discovery responses, Plaintiff's motion for preliminary injunction was now moot. (ECF No. 66.) The Court further directed the parties to meet and confer regarding the discovery dispute prior to the filing of any new motion to compel, or if the dispute could not be resolved, that the motion to compel be filed within thirty days. (*Id.*)

Currently before the Court is Defendant's motion to compel further responses to interrogatories, filed August 1, 2022. (ECF No. 69.) Plaintiff did not file an opposition or

otherwise communicate with the Court regarding the motion to compel, and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

## II. Defendant's Motion to Compel

In the motion to compel, Defendant contends that Plaintiff did not answer Defendant's First Set of Interrogatories to Plaintiff under oath, and he failed to adequately respond to interrogatories numbered 3, 4, 10, 11, 16, 18, 19, 20, and 21. (ECF No. 69.) In advance of the parties' meet and confer, on July 11, 2022, Defendant's counsel sent Plaintiff a letter explaining the deficiencies he identified in Plaintiff's interrogatory responses. During the parties' July 26, 2022 telephonic conference, Plaintiff stated that while he had received Defendant's counsel's letter, he did not have it with him, as he had recently been transferred to a new yard at his prison and did not have his property. However, Plaintiff believed that all of his interrogatory responses were adequate. Plaintiff further stated that he would send a signed verification for his interrogatory responses once he had received his property, but as of the filing of Defendant's motion to compel, counsel had not received a verification. Defendant states that this aspect of the motion to compel will be withdrawn upon receipt of a properly attested copy of Plaintiff's interrogatories or a separate signed verification. (*Id.*)

### A. Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*,

2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 33, 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made. *Evans v. Tilton*, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010). The responding party is required, to the extent there are no objections, to answer interrogatories separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

The scope of discovery under Rule 26(b)(1) is broad. Discovery may be obtained as to any unprivileged matter "relevant to any party's claim or defense." *Id.* Discovery may be sought of relevant information not admissible at trial if it is "proportional to the needs of the case, considering the importance of the issues at stake in the action the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* However, discovery may be limited if it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" if the party who seeks discovery "has had ample opportunity to obtain the information by discovery in the action;" or if the proposed discovery is irrelevant or overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii).

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and that fact is of consequence in determining the action. Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. However, even

1  relevant evidence may be excluded if it will cause unfair prejudice, confuse the issues, mislead

2  the jury, cause undue delay, waste time, or is needlessly cumulative. Fed. R. Evid. 403. Finally,

3  aside from limited exceptions, none of which apply here, evidence of a person's character or

4  character trait is not admissible to prove that on a particular occasion the person acted in

5  accordance with the character or trait. Fed. R. Evid. 404.

6          **B.**        **Plaintiff's Attestation to Interrogatory Responses Under Oath**

7          In light of the representation of Defendant's counsel regarding the parties' July 26, 2022

8  meet and confer, it does not appear that Plaintiff has any objection to providing a verification of

9  his interrogatory responses under oath. Nevertheless, the Court affirms that Plaintiff is required

10 to provide responses that are "answered . . . under oath." Fed. R. Civ. P. 33(b)(3). This includes

11 any supplemental responses Plaintiff provides in response to the instant order. Plaintiff will be

12 required to submit a statement affirming that his previous interrogatory responses, as well as his

13 supplemental responses, were made under oath (under penalty of perjury).

14         **C.**        **Interrogatories Regarding Plaintiff's Need for Treatment**

15         <u>Interrogatory No. 3</u>: State all facts concerning YOUR medical condition at the time that

16 DEFENDANT became responsible for YOUR medical care, including but not limited to any

17 injuries, disabilities, limitations, conditions, or diseases that YOU contend required treatment at

18 that time.

19         <u>Response</u>: The facts are stated in Plaintiff's first amended complaint. The facts are stated

20 in the eighteen 7362 medical forms that he sent to Defendant Tate. The facts are stated in 602

21 appeal, CCI-HC-18001026. The facts are stated in Plaintiff's medical records at California

22 Substance Abuse Treatment Facility. The facts are stated in Plaintiff's medical records at

23 Corcoran State Prison.

24         <u>Ruling</u>: Plaintiff has not provided a substantive response to this interrogatory. Plaintiff's

25 references to the first amended complaint, numerous medical forms and appeals, or to the entirety

26 of his medical records while housed at two different institutions are not sufficient as they do not

27 fully answer the interrogatory. Fed. R. Civ. P. 33(b)(3). Plaintiff will be afforded an additional

28 thirty (30) days to supplement his response to this interrogatory, separately and fully in writing,

under oath. Accordingly, Defendant's motion to compel a further response to this interrogatory is GRANTED.

Interrogatory No. 10: If YOU contend that DEFENDANT should have, but did not, perform or provide any medical assessment, evaluation, accommodation, and/or treatment for YOU, describe with particularity YOUR basis for contending that each such medical assessment, evaluation, accommodation, and/or treatment was for any reason required, recommended, advisable, or preferable.

Response: Treatment was required due to Plaintiff's continuous pain and suffering 24 hours every single day.

Ruling: Defendant's motion to compel a response to this interrogatory is granted. Plaintiff has not provided a substantive response to this interrogatory. This interrogatory seeks information regarding the specific treatment(s) that Plaintiff contends he should have received and why. Plaintiff provided specific responses to Interrogatories Nos. 8 and 9 regarding the specific treatments and assessments he was not provided or that were discontinued, (ECF No. 69, pp. 22, 30–31), and his assertion that "treatment" was required for his continuous pain does not describe with particularity which treatments, assessments, or other accommodations were required for his pain. If Plaintiff is asserting that his continuous pain is the basis for each such treatment, assessment, or accommodation, he should so specify. Plaintiff must supplement his response to this interrogatory, separately and full in writing, under oath.

Interrogatory No. 11: If YOU contend that DEFENDANT wrongly caused YOU no longer to receive, have, or possess any medical assessment, evaluation, accommodation, and/or treatment, describe with particularity YOUR basis for contending that each such medical assessment, evaluation, accommodation, and/or treatment was for any reason required, recommended, advisable, or preferable.

Response: Treatment was required due to Plaintiff's continuous pain and suffering 24 hours every single day.

Ruling: Defendant's motion to compel a response to this interrogatory is granted. As discussed above, Plaintiff must specify the basis for his contention that each such medical

assessment, evaluation, accommodation, and/or treatment was required, or assert that his continuous pain was the basis for all such treatments.  Plaintiff must supplement his response to this interrogatory, separately and full in writing, under oath.

Interrogatory No. 16: State all facts concerning any attempts by YOU to obtain any medical assessments, evaluations, accommodations, and/or treatments by anyone other than DEFENDANT while YOU were incarcerated at the California Correctional Institution in Tehachapi, California.

Response: (No response was provided to this interrogatory.)

Ruling: As Plaintiff has failed to oppose the motion to compel, he has presented no justification for his lack of response to this interrogatory.  Accordingly, Defendant's motion to compel a response to this interrogatory is granted, and Plaintiff must provide a response to this interrogatory, separately and fully in writing, under oath.

**D.     Interrogatories Regarding Defendant's Treatment Decisions**

Interrogatory No. 4: Describe with particularity how DEFENDANT'S medical treatment, care, evaluation, or assessment of YOU differed from that of any of YOUR prior medical care providers during YOUR incarceration for the same injuries, disabilities, limitations, conditions, or diseases.

Response: Defendant Tate did not provide me any type of medical treatment for any of my injuries or mobility disabilities.

Ruling: Defendant's motion to compel a response to this interrogatory is granted.  While it may be true that Defendant Tate did not provide Plaintiff with any type of medical treatment for any of Plaintiff's injuries or disabilities, Plaintiff does not substantively respond to the interrogatory because he does not specify whether such lack of treatment was in any way different from the treatment provided to Plaintiff by any previous medical care providers.  Plaintiff must supplement his response to this interrogatory, separately and full in writing, under oath.

Interrogatory No. 19: Describe with particularity how DEFENDANT'S medical treatment, care, evaluation, or assessment of YOU differed from that of any of the medical care providers that treated YOU after DEFENDANT for the same injuries disabilities limitations, conditions, or

7

1   diseases while incarcerated.

2   <u>Response</u>: Defendant medical treatment [sic] differed from previous medical care
3   providers because Defendant Tate refused to provide Plaintiff any type of treatment for his
4   injuries.

5   <u>Ruling</u>: Defendant's motion to compel a response to this interrogatory is granted. As
6   discussed above, while it may be true that Defendant Tate did not provide Plaintiff with any type
7   of medical treatment for any of Plaintiff's injuries or disabilities, Plaintiff does not substantively
8   respond to the interrogatory because he does not specify how it differed from treatment provided
9   to Plaintiff by any later providers. Plaintiff must supplement his response to this interrogatory,
10  separately and full in writing, under oath.

11  **E.     Interrogatories Regarding Plaintiff's Injuries and Damages**

12  <u>Interrogatory No. 18</u>: State all facts concerning YOUR medical condition at the time that
13  DEFENDANT stopped being responsible for YOUR medical care, including but not limited to
14  any injuries, disabilities, limitations, conditions, or diseases that YOU contend required treatment
15  at that time.

16  <u>Response</u>: I don't understand this question. How can Defendant stop being responsible
17  for my medical care when Defendant was my only primary care provider?

18  <u>Ruling</u>: Defendant's motion to compel a response to this interrogatory is granted. To the
19  extent Plaintiff contends that he saw no other medical providers for any of the medical conditions
20  at issue in this action after he was treated by Defendant, he should so state in his response. But if
21  Plaintiff received care or treatment from any other medical providers after he was transferred
22  from the institution where Defendant was employed, he should provide that information in his
23  response. Plaintiff must supplement his response to this interrogatory, separately and full in
24  writing, under oath.

25  <u>Interrogatory No. 20</u>: If YOU contend that YOUR medical condition would be different or
26  could have been different if the medical care provided to YOU by DEFENDANT had been
27  different, state all facts supporting that contention.

28  ///

<u>Response</u>: Defendant did not provide me any type of treatment so this question is irrelevant.

<u>Ruling</u>: Defendant's motion to compel a response to this interrogatory is granted. To the extent Plaintiff objects on the basis of relevance, the objection is overruled. If Plaintiff contends that his medical condition would have been different (better or worse) if Defendant had provided him with some form of treatment, he must state all facts supporting that contention. If Plaintiff contends that his medical condition would have remained the same if Defendant had provided treatment as if Defendant had not, he should state that in his response. Plaintiff must supplement his response to this interrogatory, separately and full in writing, under oath.

<u>Interrogatory No. 21</u>: If YOU contend that YOUR medical condition would be different or could have been different if the medical care provided to YOU by DEFENDANT had been different, identify all DOCUMENTS and COMMUNICATIONS supporting that contention.

<u>Response</u>: Defendant did not provide me any type of medical treatment so this question is irrelevant.

<u>Ruling</u>: Defendant's motion to compel a response to this interrogatory is granted. To the extent Plaintiff objects on the basis of relevance, the objection is overruled. If Plaintiff contends that his medical condition would have been different (better or worse) if Defendant had provided him with some form of treatment, he must provide any documents and communications supporting that contention. If Plaintiff contends that his medical condition would have remained the same if Defendant had provided treatment as if Defendant had not, or that there are no documents or communications to support his contentions, he should state that in his response. Plaintiff must supplement his response to this interrogatory, separately and full in writing, under oath.

**III.    Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to compel, (ECF No. 69), is GRANTED;

///

///

2. On or before **August 18, 2023**, Plaintiff SHALL serve:

    a. Supplemental responses to Defendant's First Set of Interrogatories (Nos. 3, 4, 10, 11, 16, 18, 19, 20, and 21) as discussed above; and

    b. A statement affirming that his previous interrogatory responses, as well as his supplemental responses, are all made under oath (under penalty of perjury);

3. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended to **October 6, 2023**;

4. **If Plaintiff fails to comply with this order, Defendant is not precluded from seeking appropriate sanctions, up to and including terminating sanctions, pursuant to Federal Rule of Civil Procedure 37(b)(2).**

IT IS SO ORDERED.

Dated:   **July 14, 2023**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

10