# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TATE, *et al.*,<br><br>　　　　　　Defendants. | Case No.  1:19-cv-00614-ADA-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO VACATE DISPOSITIVE MOTIONS DEADLINE<br><br>(ECF No. 79)<br><br>ORDER VACATING DISPOSITIVE MOTION DEADLINE |

**I.    Procedural Background**

Plaintiff Rodney Jerome Womack ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Tate for deliberate indifference in violation of the Eighth Amendment.

Pursuant to the Court's July 14, 2023 order granting Defendant's motion to compel further responses to interrogatories, the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is October 6, 2023.  (ECF No. 74.)

Currently before the Court are Defendant's second motion to compel further responses to interrogatories, (ECF No. 78), and motion to vacate the dispositive motion deadline pending resolution of the motion to compel, (ECF No. 79), both filed September 11, 2023.  Although Plaintiff has not yet had an opportunity to respond to the motion to vacate the dispositive motion deadline, the Court finds a response unnecessary, and the motion is deemed submitted.  Local Rule 230(l).

**II.   Motion to Modify Discovery and Scheduling Order**

Defendant requests that the Court vacate the dispositive motion deadline pending resolution of Defendant's second motion to compel further responses to interrogatories and

1  Plaintiff's provision of any further interrogatory responses that the Court may order, as well as
2  Plaintiff's provision of his supplemental response to Interrogatory No. 21 pursuant to the Court's
3  September 8, 2023 order granting Plaintiff's motion for extension of time.  Defendant contends
4  that they are entitled to, and intends to, rely on Plaintiff's responses to Defendant's
5  interrogatories, but Plaintiff's responses remain incomplete and deficient.  Defendant therefore
6  cannot use Plaintiff's current interrogatory responses and still comply with the current October 6
7  dispositive motion deadline.  In addition, Defendant's lead counsel is taking a personal leave of
8  absence beginning on September 18, 2023, necessitating reassignment of this case to another
9  attorney, who would require additional time to prepare a dispositive motion.  (ECF No. 79.)

      In light of the pending motion to compel, the need for briefing on that motion, and the possibility that Plaintiff will be required to serve further supplemental responses to Defendant's interrogatories, the Court finds good cause to grant Defendant's motion.  The Court will vacate the current dispositive motion deadline, to be reset as necessary following resolution of the pending motion to compel.

**III.   Order**

      Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to modify the discovery and scheduling order, (ECF No. 79), is GRANTED;
2. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is VACATED; and
3. As necessary and appropriate, the Court will reset the dispositive motion deadline following resolution of the pending motion to compel.

IT IS SO ORDERED.

Dated:   **September 12, 2023**         /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE