UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>Plaintiff,<br><br>v.<br><br>H. TATE, et al.,<br><br>Defendants. | Case No.: 1:19-cv-00614-NODJ-CDB<br><br>**ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO COMPEL RESPONSES TO INTERROGATORIES**<br><br>(Doc. 78) |

Plaintiff Rodney Jerome Womack is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.      INTRODUCTION

On July 14, 2023, United States Magistrate Judge Barbara A. McAuliffe issued an Order Granting Defendant's Motion to Compel Further Responses to Interrogatories. (Doc. 74.) Plaintiff was ordered to provide supplemental responses to Defendant's First Set of Interrogatories (Nos. 3, 4, 10, 11, 16, 18, 19, 20, and 21) and a statement affirming that his previous interrogatory responses, as well as his supplemental responses, were all made under oath, no later than August 18, 2023. (*Id*. at 10.)

On September 8, 2023, Judge McAuliffe granted Plaintiff an extension of time, to October 17, 2023, to serve a supplemental response to Interrogatory No. 21. (Doc. 77.)

//

1    On September 11, 2023, Defendant filed a second motion to compel further responses to

2    interrogatories. (Doc. 78.) Defendant asserts Plaintiff's supplemental interrogatory responses do

3    not include responses to two interrogatories he was ordered to address and also contends "various

4    supplemental responses remain deficient." (*Id*. at 3.)

5    On November 22, 2023, Plaintiff filed a response to Defendant's motion to compel. (Doc.

6    81.) That same date, Plaintiff sought a further extension of time regarding Interrogatory No. 21.

7    (Doc. 82.)

8    On December 5, 2023, Judge McAuliffe issued an Order of Recusal. (Doc. 86.) As a

9    result, this action was assigned to the undersigned as magistrate judge. (*Id*.)

10   On December 14, 2023, the Court issued its order granting Plaintiff's request for a 45-day

11   extension of time within which to provide a supplemental response to Interrogatory No. 21. (Doc.

12   87.)

13   On December 15, 2023, Defendant filed a reply in support of the second motion to

14   compel. (Doc. 88.)

15   On January 10, 2024, Plaintiff filed a document titled "Plaintiff's Motion of Notice to

16   Provie Supplemental Response to Defendant's Interrogatory No. 21." (Doc. 89.)

17   On January 17, 2024, Plaintiff filed a document titled "Plaintiff's Motion That Provide

18   Supplemental Response to Defendant's Interrogatory No. 21." (Doc. 90.)

19   **II.     DISCUSSION**

20   **A.  Defendant's Motion to Compel**

21   Defendant contends Plaintiff's responses to the Court's August 18, 2023 order fail to

22   address two interrogatories included in the order and that several of the supplemental responses

23   provided remain deficient. (Doc. 78 at 4-5.) Because Defendant intends to file a motion for

24   summary judgment addressing the merits of Plaintiff's Eighth Amendment deliberate indifference

25   to serious medical needs claim, Plaintiff's responses "would be beneficial, if not necessary, for

26   such a motion." (*Id*. at 6.) Specifically, Defendant contends Plaintiff failed to provide

27   supplemental responses to Interrogatory Nos. 16 and 19. (*Id*. at 6-8.) Defendant further contends

28   Plaintiff's supplemental responses to Interrogatory Nos. 4, 10, 18 and 20 are deficient. (*Id*. at 8-

2

1    12.) Finally, Defendant requests the Court impose sanctions for Plaintiff's failure to comply with

2    the Court's order compelling supplemental responses. (*Id.* at 13.)

3                                    **B.   Plaintiff's Response**

4           Plaintiff's response to Defendant's motion, filed November 22, 2023, includes responses

5    to Interrogatory Nos. 16 and 19, as well as to Interrogatory Nos. 4, 10, 18 and 20. (Doc. 81 at 2-

6    3.) It also includes reference to Interrogatory No. 21 and his need for an extension of time. (*Id*. at

7    3.)

8                                    **C.   Defendant's Reply**

9           Defendant replies that in light of Plaintiff's response, he "will not further pursue his

10   motion to compel with respect to Interrogatory Nos. 16 and 18." (Doc. 88 at 2.) However,

11   Defendant contends Plaintiff's responses remain deficient. (*Id*.) Defendant seeks further

12   supplemental responses to Interrogatory Nos. 4, 10, 19 and 20. (*Id*. at 2-6.)

13                              **D.   The Applicable Legal Standards**

14          "District courts have 'broad discretion to manage discovery and to control the course of

15   litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616

16   (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir.

17   2011)). "The purpose of discovery is to make trial less a game of blind man's bluff and more a

18   fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow

19   and clarify the issues in dispute." *Jadwin v. Cnty. Of Kern*., No. 1:07-cv-0026-OWW-TAG, 2008

20   WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted). As such, litigants are

21   entitled to seek from each other discovery of information that is "relevant to the claim or defense

22   of any party." Fed. R. Civ. P. 26(b).

23          "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than

24   it would be without the evidence; and (b) the fact is of consequence in determining the action."

25   Fed. R. Evid. 401.  Relevancy is broadly defined to encompass any matter that bears on, or that

26   reasonably could lead to other matter that could bear on, any issue that is or may be in the case.

27   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Although relevance is broadly

28   defined, it does have "ultimate and necessary boundaries." *Gonzales v. Google, Inc*., 234 F.R.D.

                                                    3

1   674, 680 (N.D. Cal. 2006) (quoting *Oppenheimer Fund, Inc.*, 437 U.S. at 351).  For instance,

2   discovery may be limited if it "is unreasonably cumulative or duplicative, or can be obtained from

3   some other source that is more convenient, less burdensome, or less expensive;" if the party who

4   seeks discovery "has had ample opportunity to obtain the information by discovery in the action;"

5   or if the proposed discovery is irrelevant or overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)-(iii).

6          Generally, if a party responding to a discovery request fails to comply with the request,

7   the propounding party may seek relief from court through a motion to compel.  Fed. R. Civ. P.

8   37(a)(3)(B). Among other things, the court may order a party to provide further responses to an

9   "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). The moving

10  party bears the burden of informing the Court: (1) which discovery requests are the subject of the

11  motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4)

12  why any objections are not justified; and (5) why the information sought through discovery is

13  relevant to the prosecution or defense of this action.  *Harris v. Quillen*, No. 1:17-cv-01370-DAD-

14  SAB (PC), 2020 WL 4251069, at *2 (E.D. Cal. June 5, 2020) (citing cases).

15         An interrogatory is a written question propounded by one party to another who must

16  answer under oath and in writing. Interrogatories are limited to anything within the permissible

17  scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or

18  defense. Fed. R. Civ. P. 33, 26(b)(1). The responding party is obligated to respond to the

19  interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be

20  stated with specificity, Fed. R. Civ. P. 33(b)(4). "Generally, the responding party does not need to

21  conduct extensive research in answering the interrogatory, but a reasonable effort to respond must

22  be made." *Ramirez v. Kitt*, No. 1:17-cv-00947-BAM (PC), 2024 WL 247243, at *2 (E.D. Cal.

23  Jan. 23, 2024). "The responding party is required, to the extent there are no objections, to answer

24  interrogatories separately and fully in writing under oath." *Id.* (citing Fed. R. Civ. P. 33(b)(3)).

25         **E.  Analysis**

26         Following Defendant's reply of December 15, 2023, Interrogatory Nos. 4, 10, 19 and 20

27  remain in dispute. Each is addressed below.

28  //

4

1

***Interrogatory No. 4***

2     Defendant contends the supplemental further response is "not meaningfully different from

3 the previous version, and thus is deficient:" Interrogatory No. 4 and the responses are quoted

4 here:

5
**INTERROGATORY NO. 4**:
Describe with particularity how DEFENDANT'S medical

6 treatment, care, evaluation, or assessment of YOU differed from
that of any of YOUR prior medical care providers during YOUR

7 incarceration for the same injuries, disabilities, limitations,
conditions, or diseases.

8

9     **RESPONSE TO INTERROGATORY NO. 4**:
Defendant Tate did not provide me any type of medical treatment

10 for any of my injuries or mobility disabilities.

11
**FURTHER RESPONSE TO INTERROGATORY NO. 4**:

12 Defendant's medical treatment differed from that on [sic] any of
my prior medical care provider [sic] during my incarceration is as

13 follows – Defendant discontinued my mobility vest, physical
therapy, and pain medication Trileptal.

14

15
**NEW RESPONSE TO INTERROGATORY NO. 4**:
Defendant discontinued my cane, mobility vest, physical therapy,

16 pain medication Trileptal. These above discontinuances are the
beginnings of Defendant[] H. Tate['s] denial of ongoing treatments

17 for Plaintiff. (ECF No. 81 at 2.)

18
(Doc. 88 at 2-3.) Defendant asserts that although Plaintiff's latest responses "add some detail by

19 stating specific forms of treatment that Defendant allegedly did not provide, they do not explain

20 how Defendant's treatment for any particular medical concern differed from that of any particular

21 prior care provider." (*Id*. at 3.)

22     While the Court concludes that Plaintiff has undertaken in good faith to comply with the

23 Court's previous order, Plaintiff's supplemental responses require further supplementation.

24 Accordingly, the Court will direct Plaintiff to further respond to Interrogatory No. 4 and provides

25 the following clarification for Plaintiff: describe how Defendant Tate's treatment, care,

26 evaluation, or assessment of your injuries, disabilities, limitations, conditions or diseases was

27 different from your prior medical providers—for example, how was Defendant Tate's

28

1   discontinuation of your mobility vest different from any prior medical provider's orders regarding

2   a mobility vest? If a previous medical provider ordered a mobility vest, why did Defendant Tate

3   discontinue a mobility vest? —in other words, Plaintiff must explain or describe the differences

4   for each particular medical concern you have identified and any reason for those differences.

5                                        ***Interrogatory No. 10***

6          Defendant contends Plaintiff's new response fails to answer the question presented;

7   specifically, that Plaintiff failed to "'describe with particularly which treatments, assessments, or

8   other accommodations were required for his pain,' or any other condition that allegedly should

9   have been addressed" because it does not explain why the listed treatments were needed. (Doc. 88

10  at 4.) The relevant interrogatory and responses are:

11          **INTERROGATORY NO. 10**:
            If YOU contend that DEFENDANT should have, but did not, perform or
12          provide any medical assessment, evaluation and/or treatment for YOU,
            describe with particularity YOUR basis for contending that each such
13          medical assessment, evaluation, accommodation, and/or treatment was for
            any reason required, recommended, advisable, or preferable.
14

15          **RESPONSE TO INTERROGATORY NO. 10**:
            Treatment was required due to Plaintiff's continuous pain and suffering
16          24 hours every single day.

17          **FURTHER RESPONSE TO INTERROGATORY NO. 10**:
            Defendant should have, but did not, provide medical treatment for Plaintiff's
18          lower back pain, numbness in left fingers, left foot, bed sores, and left shoulder.
            The above medical conditions caused me excruciating pain 24 hours every day.
19

20          **NEW RESPONSE TO INTERROGATORY NO. 10**:
            Previous doctors prescribed Plaintiff with cane, mobility vest, physical therapy,
21          pain medication Trileptal. Defendant H. Tate discontinued all of the above
            treatments and did not replace these treatments with alternative treatments.
22          (ECF No. 81 at 2.)

23

24  (Doc. 88 at 3-4.)  The Court finds Plaintiff's supplemental responses, taken together, do not

25  require further supplementation. Plaintiff indicated in the most recent response that Defendant's

26  discontinuation of his cane, mobility vest, physical therapy and medication Trileptal were done

27  without alternative treatments offered where Plaintiff's earlier response asserts he was

28  continuously suffering from lower back pain, numbness in his left fingers, left shoulder and left

                                                6

1    foot, and bed sores, inferring such treatment was at least advisable or preferable, if not required

2    and recommended.

3                                    ***Interrogatory No. 19***

4          Next, Defendant asserts Plaintiff's latest response "alleges only generally that unspecified

5    later providers provided various treatments, but it does not explain what condition or injury each

6    treatment corresponded to. The response is also ambiguous as to whether all later providers

7    provided the same treatments." (Doc. 88 at 5.) The relevant interrogatory and responses are:

8                            **INTERROGATORY NO. 19**:
                      Describe with particularity how DEFENDANT'S medical
9                     treatment, care, evaluation, or assessment of YOU differed from
                      that of any of the medical care providers that treated YOU after
10                    DEFENDANT for the same injuries, disabilities, limitations,
11                    conditions, or diseases while incarcerated.

12                           **RESPONSE TO INTERROGATORY NO. 19**:
                      Defendant medical treatment [sic] differed from previous medical
13                    care providers because Defendant Tate refused to provide Plaintiff
                      any type of treatment for his injuries. [¶] (No supplemental
14                    response initially was provided to this interrogatory.)

15
                             **NEW RESPONSE TO INTERROGATORY NO. 19**:
16                    Defendant's medical treatment differed in the following from other
                      doctors. When I was transferred from Tehachapi State Prison
17                    "other prisons" gave me the following treatments[:] ten different
                      types of pain medications, physical therapies, mobility vest, cane,
18                    orthopedic shoes. Doctors scheduled me to see orthopedics,
                      neurologists, doctors ordered lower tier and lower bunk chronos.
19                    Doctors scheduled Plaintiff for surgeries on his lower back, left
                      shoulder, and left elbow. Defendant Tate did none of the above
20                    treatments. (ECF No. 81 at 2.)
21

22   (Doc. 88 at 4-5.)

23         The Court finds Plaintiff's supplemental responses require further supplementation. Given

24   what the Court determines is Plaintiff's good faith effort to comply with the Court's previous

25   order, the Court will direct Plaintiff to further respond to Interrogatory No. 19 and provides the

26   following clarification for Plaintiff: State which treatments, assessments or other accommodations

27   provided by later medical providers were required for your pain and identify which later provider

28   treated which condition.

                                                    7

1

***Interrogatory No. 20***

2      Lastly, Defendant argues Plaintiff's latest responses suffer from the same defect his

3  original response suffered from: Plaintiff describes only occurred while Defendant Tate provided

4  care, "but it does not address any later impact" following Tate's care. (Doc. 88 at 6-7.) The

5  relevant interrogatory and responses are:

6          **INTERROGATORY NO. 20**:
7      If YOU contend that YOUR medical condition would be different
       or could have been different if the medical care provided to YOU
8      by DEFENDANT had been different, state all facts supporting that
       contention.

9
           **RESPONSE TO INTERROGATORY NO. 20**:
10     Defendant did not provide me any type of medical treatment so
       this question is irrelevant.
11

12         **FURTHER RESPONSE TO INTERROGATORY NO. 20**:
       At this point I am scheduled to have surgery on my lower back and
13     surgery on my left shoulder, and elbow. This is the difference:
       Defendant refused to provide me anytype [sic] of treatment where all
14     doctors before and after Defendant injuries [sic] did in fact provide
       treatments for me.
15

16         **NEW RESPONSE TO INTERROGATORY NO. 20**:
       Defendant H. Tate caused Plaintiff extreme harm by intentionally
17     allowing Plaintiff to suffer excruciating pain 24 hours every day.
       Plaintiff had to suffer excruciating pain when he had to walk using his
18     left foot and lower back, use his left shoulder, hand, and elbow.
       Plaintiff had to suffer this excruciating pain 24 hours every[] day
19     without any treatments from Defendant H. Tate. Had Defendant H.
       Tate provided Plaintiff any[] type of treatments for Plaintiff's above
20     physical medical problems[,] Plaintiff possibly would not have been
       suffering excruciating pain 24 hours every[] day while under the sole
21     care of the Defendant. (ECF No. 81 at 3.)
22

23  (Doc. 88 at 5.) The Court finds Plaintiff's supplemental responses require further

24  supplementation. Given what the Court determines is Plaintiff's good faith effort to comply with

25  the Court's previous order, the Court will direct Plaintiff to further respond to Interrogatory No.

26  20 and provides the following clarification for Plaintiff: describe how and when your medical

27  conditions were different from the period when medical care was provided by Defendant Tate—

28  for example, when later medical providers were treating you, how were your medical conditions

1  different and when did they change? Explain those difference for each condition—lower back,

2  left foot, left shoulder, et cetera.

3            **F.**    **Sanctions**

4       In his motion to compel, Defendant requests the imposition of unspecified sanctions for

5  Plaintiff's failure to comply with Judge McAuliffe's earlier order. (Doc. 78 at 13.) Defendant's

6  reply to Plaintiff's response does not address the issue of sanctions. (*See* Doc. 88.) Given the

7  Court's denial in part of Defendant's motion to compel, the Court declines Defendant's request to

8  impose sanctions. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) ("Rule

9  37 sanctions are appropriate only where the discovery violation is due to willfulness, bad faith, or

10  fault of the party"); *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)

11  (sanctions reserved for "rare and exceptional" cases).

12       However, the Court cautions Plaintiff that any failure to further and fully supplement his

13  earlier interrogatory responses in violation of this Order may be grounds for sanctions, including

14  evidentiary sanctions (*see Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG,

15  2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016)), and dismissal of his action (*see Jones v.

16  Frazesn*, No. 2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009)).

17            **III.**    **CONCLUSION AND ORDER**

18       Based on the above, Defendant's motion to compel further responses (Doc. 78) is

19  **GRANTED** in **PART**. **Within 45 days** of the date of service of this order, Plaintiff **SHALL**

20  provide further supplemental responses to Interrogatory Nos. 4, 19 and 20.

21       Further, **IT IS HEREBY ORDERED** that Defendant **SHALL** file a status report **within**

22  **15 days** of the receipt of Plaintiff's further supplemental responses indicating whether the

23  deadline for the filing of dispositive motions can be reset by the Court.

24  IT IS SO ORDERED.

25     Dated:   **February 27, 2024**

26                                UNITED STATES MAGISTRATE JUDGE

27

28