UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. TATE, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00614-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Rodney Jerome Womack is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.　BACKGROUND

The Court incorporates by reference from its order of February 27, 2024, the narrative history concerning Defendant Tate's significant efforts to obtain discovery responses from Plaintiff. *See* (Doc. 91.) In short, Defendant has resorted to the filing of numerous motions to compel to obtain Plaintiff's compliance with his discovery obligations.

On June 18, 2024, Defendant filed a fifth motion to compel further responses to interrogatories. (Doc. 96.) Plaintiff was served that same date (*id*. at 51), making any opposition due no later than July 9, 2024. *See* Local Rule 230(*l*). More than 21 days have elapsed, yet Plaintiff has failed to oppose Defendant's motion or to otherwise contact the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   DISCUSSION

Briefly stated, Defendant has again asked this Court to order Plaintiff to respond to Interrogatory Nos. 4, 19 and 20, or, alternatively, to impose sanctions for Plaintiff's failure to comply with the Court's orders. (*See* Doc. 96.) Given the lengthy history of the discovery disputes in this action, and Plaintiff's failure and/or refusal to comply with the Court's previous orders, the undersigned will recommend dismissal of this action.

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

The Local Rule concerning motions in prisoner actions provides, in relevant part:

2

1
2
3
4
5

> Opposition, if any to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

6   Local Rule 230(*l*).

7                    *Analysis*

8          On February 27, 2024, the Court ordered Plaintiff to provide further supplemental

9   responses to Defendant's Interrogatory Nos. 4, 19 and 20, and warned Plaintiff that a failure to

10  obey its order could result in a dismissal of this action. (*See* Doc. 91 at 9.) Thereafter, Plaintiff

11  requested and was granted a 45-day extension of time within which to comply, making the

12  deadline for his responses due on or before May 27, 2024. (*See* Doc. 94.) Despite being provided

13  with more than 90 days within which to provide further supplemental responses to three

14  interrogatories, Plaintiff has failed to comply with his discovery obligations, prompting

15  Defendant to file another motion to compel. Additionally, Plaintiff has failed to oppose or

16  otherwise respond to that motion as required by this Court's Local Rule 230(*l*).

17         Plaintiff's failure to respond to the February 27, 2024, order requiring further

18  supplemental responses to Interrogatory Nos. 4, 19, and 20, coupled with Plaintiff's failure to

19  oppose Defendant's most recent motion to compel, weigh in favor of dismissal. Given Plaintiff's

20  repeated failures to meet his discovery obligations, the undersigned finds no other reasonable

21  alternatives available to address Plaintiff's repeated failures to obey orders and to prosecute this

22  action. Thus, the first and second factors — the expeditious resolution of litigation and the

23  Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

24         The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a

25  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

26  *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendant has filed numerous

27  motions to compel to obtain sufficient responses from Plaintiff. But Plaintiff remains delinquent

28  in satisfying his responsibilities to comply with his discovery obligations and is unreasonably

3

1   delaying the prosecution of this action. Plaintiff's further supplemental responses to Interrogatory

2   Nos. 4, 19 and 20, are necessary for Defendant's preparation of a merits-based motion for

3   summary judgment. Given the lengthy delays in this litigation resulting from Plaintiff's apparent

4   intransigence, the third factor — a risk of prejudice to the Defendants — also weighs in favor of

5   dismissal. *Carey*, 856 F.2d at 1440.

6          The fourth factor usually weighs against dismissal because public policy favors

7   disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

8   "this factor lends little support to a party whose responsibility it is to move a case toward

9   disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460

10  F.3d at 1228. Plaintiff is not moving this case forward toward disposition on the merits and his

11  conduct is impeding progress in this case. He has again failed to comply with this Court's orders

12  and the Local Rules. Therefore, the fourth factor — the public policy favoring disposition of

13  cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

14         Finally, the Court's warning to a party that failure to obey the court's order will result in

15  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

16  Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued May 8,

17  2019, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this

18  Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United

19  States District Court, Eastern District of California ("Local Rules"), as modified by this Order.

20  Failure to so comply will be grounds for imposition of sanctions which may include dismissal of

21  the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 2 at 1.) That Order further advised that

22  "all Court deadlines are strictly enforced." (*Id*. at 5.) In the Discovery and Scheduling Order

23  issued August 13, 2021, the parties were advised they "are required to act in good faith during the

24  course of discovery and the failure to do so may result in the payment of expenses pursuant to

25  Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal

26  Rules of Civil Procedure or the Local Rules, *which may include dismissal of this case*." (Doc. 51

27  at 1-2) (emphasis added.) In the order issued April 15, 2022, the parties were "reminded that they

28  are required to act in good faith during the course of discovery. Complete, accurate, and truthful

4

1   discovery responses are required. False or incomplete responses violate the Federal Rules of Civil

2   Procedure and subject an offending party and/or counsel to sanctions." (Doc. 57 at 2.) That same

3   order further warned the parties that a failure to comply "will result in the imposition of sanctions,

4   which may include dismissal of the action." (*Id*. at 3.) Lastly, on February 27, 2024, the Court

5   warned Plaintiff that a failure to "further and fully supplement" his interrogatory responses "may

6   be grounds for sanctions, including evidentiary sanctions …, and dismissal of his action …." (*See*

7   Doc. 91 at 9.) Therefore, the undersigned finds Plaintiff had adequate warning that dismissal

8   could result from his noncompliance with a Court order and this Court's Local Rules. Thus, the

9   fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963

10  F.2d at 1262; *Carey*, 856 F.2d at 1440.

11       In sum, Plaintiff has failed to comply with the Court's orders and its Local Rules, and in

12  doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or

13  mistakenly is inconsequential. The Court declines to expend its limited resources on a case that

14  Plaintiff has chosen to ignore.

15

16

17                          *Remainder of This Page Intentionally Left Blank*

18

19

20

21

22

23

24

25

26

27

28

III.    **CONCLUSION AND RECOMMENDATIONS**

Accordingly, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey court orders and the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 16, 2024**                          _____

UNITED STATES MAGISTRATE JUDGE